IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THADDEUS STACY,                                              CV. 09-6027-KI

            Plaintiff,                      ORDER TO PROCEED IN FORMA
  v.                                                PAUPERIS AND TO DISMISS

ERIC BUSH, et al.,

            Defendants.

KING, Judge

### IN FORMA PAUPERIS/FILING FEE

Plaintiff, a prisoner at the Jefferson County Adult Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. However, the Clerk of the Court shall not issue process until further order of the court.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $350.00

1 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

when funds exist. Plaintiff has authorized the agency having custody of him to collect the filing fee from his prison trust account when funds exist. Accordingly, an initial partial filing fee of $10.00 is assessed by this order.

Upon payment of the initial partial filing fee, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full.

## ORDER TO DISMISS

### I. STANDARDS.

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Ortez v. Washington County, 88 F.3d 804, 806 (9th Cir. 1996); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford

the plaintiff the benefit of any doubt. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Ortez, 88 F.3d at 806.

**II.  DISCUSSION.**

Plaintiff is confined in the Jefferson County Adult Correctional Facility. He alleges that in October, 2008, he was charged with several felonies. Plaintiff does not allege whether he has been convicted.

As an initial matter, plaintiff's motion to dismiss defendants Jefferson County, L. Robbins, and Jack Jones, is granted. Accordingly, the only remaining defendants are Crook County Sheriff Rodd Clark, and Prineville Police Chief Eric Bush.

**A.    Claim for Relief One: Equal Protection.**

In his first claim for relief, plaintiff complains that the Prineville Police Department, under the direction of Chief Bush, failed to take any action after receiving reports that witnesses who were testifying on plaintiff's behalf had been "stalked and threatened with death and serious bodily injury." Plaintiff alleges that this failure to act violated his constitutional right to equal protection, and "was performed in criminal concert with members of the Crook County Sheriff, Rodd Clark."

Plaintiff fails to state a claim for multiple reasons. First, absent a special relationship, there is no constitutional duty of law enforcement officials to investigate a crime in a particular way or to protect one citizen from another. DeShaney v. Winnebago

3 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

County Dept. of Social Services, 489 U.S. 189, 195-97 (1989); Johnson v. City of Seattle, 474 F.3d 634, 639 (9th Cir. 2007); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699-700 (9th Cir. 1990).[1]  Second, assuming that plaintiff has standing to bring this claim, he fails to allege how the police department's failure to act violated his right to equal protection.  See DeShaney, 489 U.S. at 197 n.3 (state cannot selectively deny its protective services to certain disfavored minorities without violating equal protection).

Finally, plaintiff fails to allege how the named defendants were personally involved in the alleged constitutional violation. Neither Sheriff Clark, nor Chief of Police Bush, may be held liable under 42 U.S.C. § 1983, simply by virtue of their supervisory capacity.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Jones v. Williams, 297 F.3d 930, 937 (9th Cir. 2002).

///

///

///

---

[1] Although the Supreme Court has recognized that prisoners have an Eighth Amendment right to be protected from the violence of fellow inmates (Farmer v. Brennan, 511 U.S. 825, 834 (1994)), that case has no application to the facts alleged in the instant proceeding where plaintiff alleges that third parties were threatened.

4 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

### B.  Second Claim for Relief: Declaration of Human Rights/Eighth Amendment.

In plaintiff's second claim for relief, plaintiff alleges defendants violated the Eighth Amendment and the Universal Declaration of Human Rights, G.A. Res. 217A(III) (1948), by (1) imprisoning him "out of area" while pending charges were "inflated by prosecutors to impose excessive bail"; (2) imposing disciplinary lockdown without notice of rule violations or misconduct; and (3) compelling him to sign a plea agreement.

This claim is subject to dismissal for several reasons. First, the Universal Declaration of Human Rights does not create obligations enforceable in the federal courts. Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004).

Second, plaintiff has no Eighth Amendment right, either as a convicted prisoner or pretrial detainee, to be confined in any particular institution. See Meachum v. Fano, 427 U.S. 215, 224 (1976); Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979). If plaintiff is a pretrial detainee, plaintiff may be able to state a due process claim. See Bell, 441 U.S. at 538-39 (due process claim requires proof that pretrial detainee has been subjected to conditions which are not reasonably related to legitimate non-punitive governmental objectives); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002), cert. denied, 538 U.S. 1047 (2003)

5 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

(pretrial detainees have substantive due process right against restrictions which amount to punishment).

Third, with regard to plaintiff's claim that he was subjected to excessive bail, placed in "lockdown", and forced to sign a plea petition, plaintiff fails to allege how the Crook County Sheriff and Prineville Police Chief were personally involved in the alleged constitutional violations. See Taylor, 880 F.2d at 1045; Jones, 297 F.3d at 937.

Finally, to the extent that plaintiff seeks to challenge the propriety of his plea agreement, plaintiff is advised that he cannot bring a civil action that implicates the legality of a conviction, until the conviction has been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Wallace v. Kato, 549 U.S. 384, 394 (2007) (indicating abstention and stay rather than dismissal under Heck is appropriate when § 1983 claims implicate pending criminal proceeding).

**C.   Claim Three: Fourth Amendment Unreasonable Seizure.**

Plaintiff alleges that his incoming mail was seized by defendants, and a copy was sent to the Crook County District Attorney in violation of plaintiff's Fourth Amendment right to be free from unreasonable seizures. Pretrial detainees and prisoners have very limited Fourth Amendment expectations of privacy in the prison context. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984) (no reasonable expectation of privacy in prison cell); Nakao v. Rushen,

6 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

766 F.2d 410, 411 (9th Cir. 1985) (seizure and copying of correspondence from cell did not violate Fourth Amendment). Accordingly, I conclude that plaintiff has failed to state a Fourth Amendment claim with regard to his incoming mail.

Plaintiff may be able to state a First Amendment claim provided that he can allege that the incoming mail was confidential legal mail, that it was opened outside of his presence, and that the named defendants were personally involved. See Turner v. Safley, 482 U.S. 78, 89-91 (1989) (establishing four-part test to determine reasonableness of mail restriction). However, plaintiff is advised that (1) conclusory allegations of a conspiracy will not suffice (Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); and (2) he will not be permitted to have two *in forma pauperis* actions pending which arise from the same nucleus of facts (see Stacy v. Jefferson Cty., 08-6412-KI). Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (not abuse of discretion to dismiss case raising identical claims to pending *in forma pauperis* action).

## CONCLUSION

Plaintiff's provisional *in forma pauperis* status is CONFIRMED, and plaintiff's motion to dismiss defendants Jefferson County, Jones, and Robbins (#4) is GRANTED.

Plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the

7 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

Plaintiff shall pay the $350.00 filing fee when funds exist. IT IS ORDERED that the Jefferson County Sheriff or his designee shall collect from plaintiff's trust account an initial partial filing fee in the amount of $ 10.00, and shall forward the amount to the Clerk of the Court.  The sheriff or his designee shall collect from plaintiff's prison trust account the balance of the filing fee and shall forward payments to the Clerk of the Court in accordance with the formula set forth above.  The payments shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this order to Jefferson County Sheriff Jeff Jones, 675 N.W. Cherry Lane, Madras, Oregon, 97441.

IT IS SO ORDERED.

DATED this _____16th_____ day of March, 2009.

                                             /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge